JAMES F. PENMAN, City Attorney (# 91761)
DIANE C. ROTH, Sr. Assistant City Attorney (#96630)
300 North "D" Street
San Bernardino, California 92418
Telephone: (909) 384-5355
Facsimile: (909) 384-5238
e-mail: droth@sbcityattorney.org

Attorneys for Movant
San Bernardino Police Department

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 09-00081 RHW-1 |
| Plaintiff, | |
| v. | [~~PROPOSED~~] PROTECTIVE ORDER |
| VINCENT YOUNG, | |
| Defendant, | |

The motion for an order to quash defendant's subpoena duces tecum came on regularly for hearing on January 25, 2010, in the above-entitled court. The defendant was represented by Deputy Federal Public Defender Charles Brown. Movant San Bernardino Police Department was represented by James F. Penman, San Bernardino City Attorney, by Senior Assistant City Attorney Diane Catran Roth.

The Court, having considered oral and written argument presented, and the pleadings and records on file herein, hereby issues the following Protective Order.

This Protective Order shall govern the use and disclosure of documents and/or information ("Confidential Information") produced in accordance with the Court's *in camera* review of documents and records in the case of *United States of America v. Vincent Young*, Case No. CR 09-00071. The Confidential Information is disclosed subject to the following Protective Order:

1. Under no circumstances shall Confidential Information be used in any proceeding other than the instant case, including any retrial or appeal, or be disseminated, in any form, except by court order.

2. Under no circumstances shall Confidential Information either orally, or by written form, be inputted into any computer program or database or listed manually in any manual, notebook or other listing as it pertains to law enforcement personnel. This does not apply to any computer program or case file maintained specifically as to this criminal action.

3. Confidential Information shall not be copied or reproduced except to the extent such copying or reproduction is reasonably necessary to the conduct of this action. All such copies or reproductions shall be subject to the terms of this Order.

4. Disclosure of Confidential Information shall be limited to the personnel and/or classification of persons listed below:

(a) Counsel for a party to this action;

(b) Staff personnel employed by counsel for any party;

(c) The court and its personnel, in connection with this litigation;

(d) Experts or consultants retained to work on this case by counsel for any party to this case; and

(e) Investigators retained by counsel for any party to this case.

5. Defense counsel shall not provide to the defendant, either orally or in writing, the addresses and telephone numbers of persons identified within the Confidential Information, but may discuss the information obtained from any investigation conducted with complainants or witnesses.

6. Counsel for any party to this action shall advise those individuals to whom disclosure of Confidential Information is to be made of the contents of this Protective Order and serve the individual with a copy of this Protective Order, and such counsel shall obtain the consent of such individual that he or she will be bound by this Protective Order. In the event such individual does not consent to be bound

by the Protective Order, no disclosure of Confidential Information will be made to such individual.

7. Any counsel, expert, consultant or investigator retained by counsel for any party to this case shall not refer to Confidential Information in any other court proceeding subject to further order of this court.

8. All Confidential Information filed with the Court shall be under seal.

9. Before any trial or other hearing at which Confidential Information may be introduced into evidence or otherwise used, the Court shall be asked to issue an order governing the use of such Confidential Information at trial or hearing.

10. Except for documentation filed under seal by the court, all originals and copies of Confidential Information shall be returned to the San Bernardino City Attorney's Office by all persons in receipt of the Confidential Information within ten (10) days after final termination of this case, whether such termination occurs by settlement, judgment, dismissal, appeal or otherwise.

11. This Protective Order, and the obligations of all persons thereunder, including those relating to the disclosure and use of Confidential Information, shall survive the final termination of this case, whether such termination is by settlement, judgment, dismissal, appeal or otherwise, until further order of the court.

12. Nothing in this Protective Order is intended to prevent authorized individuals from having access to Confidential Information to which they would have had access in the normal course of their duties.

13. Any person found to have made an impermissible use of any Confidential Information will be subject, without limitation, to civil and criminal penalties for contempt of court.

IT IS SO ORDERED.

Dated: 2/4, 2010

HON. ROBERT H. WHALEY, Judge
United States District Court

# PROOF OF SERVICE

**STATE OF CALIFORNIA**          **COUNTY OF SAN BERNARDINO**

I am employed in the County of San Bernardino, State of California. I am over the age of 18 and not a party to the within action; my business address is 300 No. "D" Street, Rm 668, San Bernardino, California.

On **January 13, 2010**, I served the foregoing document described as

**[PROPOSED] PROTECTIVE ORDER**

on the persons set forth below as follows:

| Charles C. Brown<br>Federal Public Defender's Office<br>3801 University Ave., Ste. 150<br>Riverside, CA 92501 | Daniel Ackerman<br>United States Attorney's Office<br>3880 Lemon Street, Ste. 210<br>Riverside, CA 92501 |
|---|---|

__X__ (BY MAIL) I enclosed the documents in a sealed envelope to the persons at the addresses above and placed the envelope for collection and mailing following our ordinary practices. I am readily familiar with this entity's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

____ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to each of the above named persons at the above address.

____ (BY FAX) I caused the foregoing document to be FAXED to the parties listed above, FAX

____ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__X__ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **January 13, 2010**, at San Bernardino, California.

JOSEFA SORIA 
(type or print name)          (signature)

4