Priority Send
cc: PSA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>VINCENT YOUNG,<br><br>    Defendant. | NO. ED CR-09-00081-RHW<br><br>**ORDER GRANTING THE GOVERNMENT'S MOTION TO AMEND, in part** |

Before the Court is the Government's Motion to Amend the February 18, 2010 Order to Strike Credibility Findings Against San Bernardino Police Department Officer Gerald Beall and Detective Mark Aranda (Ct. Rec. 72). The motion was heard without oral argument.

On February 18, 2010, the Court granted Defendant's Motion to Suppress after conducting a hearing on the motion on January 24, 2010, and February 12, 2010, in Riverside, California (Ct. Rec. 52). The Court found that the evidence obtained from the arrest of Defendant and search of his residence should be suppressed because the officers arrested Defendant without probable cause, unlawfully searched him, and also began searching his residence before the issuance and receipt of the search warrant. *Id.* The Court found that the good faith exception did not apply, given the egregious conduct of the officers in violating Defendant's constitutional rights. *Id.* The Court also made adverse credibility findings against Officer Gerald Beall and Detective Mark Aranda. *Id.*

**ORDER GRANTING THE GOVERNMENT'S
MOTION TO AMEND, in part** ~1

On June 11, 2010, the Court dismissed the indictment with prejudice pursuant to the stipulation of the parties (Ct. Rec. 84).

The Government now asks the Court to amend its Order and eliminate the adverse credibility filings against Officer Beall and Detective Aranda and also eliminate the finding that the San Bernardino Police Department conducted a warrantless search of Defendant's apartment.

## STANDARD OF REVIEW

Initially, the Court must answer whether it is appropriate to re-open the record to reconsideration its findings on the officer's credibility.  The Second Circuit addressed this question and make the following observations:

> [O]n a motion to reopen a suppression hearing, there is no bright-line rule that necessarily and invariably requires the government to provide a reasonable justification for its failure to offer relevant evidence at an earlier suppression proceeding. Whether or not the government can justify its delay is simply one factor, among others, that a district court may consider when deciding whether to reopen a suppression hearing. We agree with the other circuits that have reached this conclusion. A "defendant is entitled to have evidence suppressed only if it was obtained unconstitutionally. If matters appearing later indicate that no constitutional violation occurred, society's interest in admitting all relevant evidence militates strongly in favor of permitting reconsideration." *United States v. Regilio*, 669 F.2d 1169, 1177 (7th Cir.1981). As the Ninth Circuit has recognized, "[a] criminal defendant acquires no personal right of redress in suppressed evidence" because the rationale for suppressing unlawfully obtained evidence is to deter official misconduct, not to compensate criminal defendants for the violation. *United States v. Rabb*, 752 F.2d 1320, 1323 (9th Cir.1984). If the government possesses evidence showing that, in fact, no official misconduct occurred, the interests of justice militate strongly in favor of considering this evidence even if it is belatedly brought to the district court's attention. In the last analysis, a district court should be permitted, in the exercise of its discretion and in light of the totality of the circumstances, to determine whether its suppression ruling should stand. While it may often be useful for the government to explain its reasons for not introducing evidence earlier, a district court may consider the evidence without first finding good cause for the government's omission or delay.

*In re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d 177, 196-97 (2nd Cir. 2008).

In *Rabb*, the Ninth Circuit held that "if the record reveals matters which indicate that the evidence was lawfully obtained, the district court may reconsider

ORDER GRANTING  THE GOVERNMENT'S
MOTION TO AMEND, in part ~2

its suppression order at trial. There is no indication in this record of purposeful delay by the government or prejudice to [the defendant]." 752 F.2d 1320, 1323 (9th Cir. 1984) *abrogated on other grounds by Bourjaily v. United States*, 483 U.S. 171 (1987).

Here, the Court believes it has a duty to review the newly evidence presented by the Government. The Government is not asking, however, for the Court to amend its finding that the evidence should be suppressed.

## ANALYSIS

In its latest briefings, the Government provided the Declaration of the informant who stated that he/she made a phone call to Defendant to order rock cocaine. In the Order, the Court called into question whether the three informants actually existed. Based on this Declaration, the Court now believes that at least one informant existed and this informant made a phone call to Defendant on the day of the arrest to order rock cocaine.[1]

As evidenced by the Government's latest submissions, there were serious errors committed by the Government in marshaling the evidence that was to be

---

[1] The informant stated that he/she worked as an informant for Officer Beall on two matters, one in March, 2008, and another several months after that. Then, on January 6, 2009, the informant called Officer Beall using his/her cell phone and gave him some information about where Defendant was going to be that day. Officer Beall was busy at the time and he asked the informant to call Defendant to order some rock cocaine later that day. Later in the day, Officer Beall called the informant back and asked if he/she could still make the call to Defendant. He/she said he/she could, and did so. He/she reports that two conversations occurred. In the first, the informant and Defendant agreed to meet at a liquor store, but then had a further conversation where Defendant said he would come to the informant's house. The informant stated that he/she called Beall to relay this information.

ORDER GRANTING  THE GOVERNMENT'S
MOTION TO AMEND, in part ~3

presented to the Court. The purpose of an evidentiary hearing in a motion to suppress is for the Court to make findings of fact based on the evidence presented. The better the quality of evidence presented, the more likely the Court's findings will represent what actually happened. Conversely, the poorer the quality of the evidence, the less confidence there is that the Court's findings will reflect what actually happened. Like any contest, the side that does the better job of preparation and presentation of the evidence is likely to have facts found in its favor. Here, due to the quality of presentation of the evidence by the Government, the Court will never know in fact what happened during the initial stop and arrest of Defendant and the subsequent search of his apartment. This uncertainty clouds the Court's findings with respect to the credibility of the officers, as well.

In addressing Defendant's motion to suppress, the first issue the Court needed to resolve was whether there was probable cause to arrest Defendant for transportation of drugs based on the finding of drugs on his passenger in the car. This was significant because if there was a reason to connect the drugs found on the passenger to Defendant, the driver, then the arrest of Defendant was legal and the evidence could be used. The Government had the burden of persuasion to prove the legitimacy of the warrantless arrest. As such, it would be expected that the prosecutor would have reviewed all the relevant police reports, obtained and listened to all audio recordings of events, and talked to and prepared the law enforcement witnesses for testimony given the issues presented.

The officers that arrested Defendant did so based on the information known to Officer Beall and at the direction of Officer Beall. At the first evidentiary hearing, Officer Beall testified that he had no evidence at the time that connected Defendant to the drugs found on the passenger. With that testimony, there was no probable cause for the arrest. At the second hearing two weeks later, Officer Beall changed his testimony and identified an informant as providing the basis of the nexus between the drugs on the passenger and the Defendant. No other evidence

of the existence of the informant was provided at the second hearing. Based in the unexplained change in the testimony and the lack of corroboration, the Court discounted the testimony.

The Government advances a number of reasons to explain the failure to give this testimony at the first hearing. Again, the reasons advanced to justify this omission are somewhat contradictory. Did Officer Beall not reveal the confidential informant because he wanted to shield his informant, which would be a deliberate decision, or because he was interrupted in his answer, which would not? While the quality of the evidence is imperfect, the Court believes that Officer Beall deliberately did not reveal the informant because he wanted to protect the source. This explanation makes more sense given the sophistication of Officer Beall and his experience in testifying in court.

By finding the omission deliberate, the credibility of Officer Beall in providing complete answers continues to be called into question. The deliberate omission is likely explained by poor preparation for the hearing by the Government's attorneys. Counsel for the Government knew that the warrantless arrest of Defendant depended on Beall's ability to connect the passenger's drugs to Defendant. No evidence of the informant had been produced in discovery, although the credibility of the informant was critical to establish probable cause. Such evidence existed, as demonstrated by the Government's later submissions to the Court, but it was not presented by the Government in discovery or at the hearings. The existence of the informant in the testimony before the Court depended solely on the testimony of Officer Beall, a witness who had deliberately failed to reveal the informant earlier and had refused to answer questions to which no objection has been made. Officer Beall may have understood that this omission was authorized because he had told the prosecutor about the informant and had not been told to reveal the informant. Beall had taken steps on the county level to hide the existence of the informant. The same understanding may explain why Beall

**ORDER GRANTING THE GOVERNMENT'S MOTION TO AMEND, in part** ~5

refused to answer questions about internal investigations. He had been told to do so at the county level. Counsel for the Government knew or should have known that the credibility of a public witness in a federal hearing will be affected by failing to answer a question completely and by refusing to answer questions. Nothing was done to correct or explain these testimonial decisions of Officer Beall during the hearings. The Court now finds that the informant existed. Nevertheless, the Court does not disturb its finding that Officer Beall deliberately omitted information about the informant but suggests that it may be explained by decisions or the lack thereof by the United States Attorney's office.

The second area addressed by the Court was the finding that the search started before the warrant arrived. The Government now presents contemporary records and other evidence to attack this finding. It is too little, too late. The Court does not disturb this finding.

The third area concerns the testimony of Officer Aranda. Officer Aranda was presented to the Court as the officer who obtained the key to Defendant's residence and the officer that entered the premises to secure the residence. Even so, on the witness stand he professed no knowledge of the case or his participation therein. The Court did not believe him based on the record before it. Again, the explanation may be that counsel for the Government did nothing to prepare the witness for his testimony and Officer Aranda was completely unprepared. Defendant had testified in his Declaration that he observed the search begin before the issuance of the warrant. Officer Aranda would be an important witness to support the timing of the search. The record now reflects that the witness was not prepared to testify. His professed ignorance of the case was not credible on the record before the Court. The Court does not expect that police witnesses will be intentionally ignorant of their participation in a criminal investigation presented in its Court. It expects that Government prosecution witnesses will be prepared to testify regardless which side calls them as a witness. Based on the supplemental

**ORDER GRANTING THE GOVERNMENT'S MOTION TO AMEND, in part** ~6

filings, the Court retracts its findings that Aranda's claim of lack of knowledge was deliberate.  Rather, it was because of a failure to review the records ordinarily available to refresh  recollection that is normally done by the prosecutor and witness before testifying.

The Court amends the Order Granting Defendant's Motion to Suppress as follows:  The failure of Officer Beall to reveal the informant at the first hearing was likely caused by a lack of communication between Beall and the prosecutor.  The Court finds that there was a confidential informant that was in contact with Defendant prior to the traffic stop and arrest of Defendant.  The Court finds that Officer Aranda's failure to recall his participation in the search of the residence was not deliberate; rather it is explained by the failure of Aranda and the prosecutor to adequately prepare for the hearing.

The remaining findings of fact and conclusions of law set forth in the Court's order reflect the Court's rulings.

Accordingly**, IT IS HEREBY ORDERED:**

1.    The Government's Motion to Amend the February 18, 2010 Order to Strike Credibility Findings Against San Bernardino Police Department Officer Gerald Beall and Detective Mark Aranda (Ct. Rec. 72) is **GRANTED, in part.**

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this 17th day of September, 2010.

_s/Robert H. Whaley_
ROBERT H. WHALEY
United States District Court Judge

C:\Temp\notesFFF692\deny.amend2.wpd

**ORDER GRANTING  THE GOVERNMENT'S
MOTION TO AMEND, in part** ~7